## Case No. 17,616.

### WICKS v. STEVENS.

[2 Woods, 310; 2 Ban. & A. 318.] [1]

Circuit Court, E. D. Texas. May Term, 1876.

PATENTS FOR INVENTIONS — REVOLVING COTTON PRESSES — REISSUE OF PATENT — APPLICATION OF INVENTION — ABANDONMENT OF CLAIM.

1. When the question of the applicability of an invention to revolving cotton presses, other than

[1] [Reported by Hon. William B. Woods, Circuit Judge, and by Hubert A. Banning. Esq., and Henry Arden Esq., and here reprinted by permission.]

portable ones, had been raised in the original application and abandoned, and therefore had not been inadvertently or accidentally overlooked, a reissue of the patent by which the invention is made to apply to stationary as well as portable presses is improper and void.

[Cited in Russell v. Dodge, 93 U. S. 464; Manuf'g Co. v. Corbin, 103 U. S. 792.]

2. The alleged improvement to revolving cotton presses, patented to Rhodom M. Brooks in 1866, and extended in 1872, was known and used long before Brooks applied for his patent. The patent is therefore void.

In equity. Heard upon pleadings and evidence for final decree. The bill was filed to prevent an infringement of certain letters patent granted to one Rhodom M. Brooks for improvements in cotton presses, and for an account of profits. The complainant [John W. Wicks] was assignee of Brooks' patents for a portion of Texas; and the defendant [E. F. Stevens] was an agent for the sale of cotton presses manufactured by one W. H. Reynolds, of New Orleans, under certain patents posterior in date to Brooks', and for different parts of the press. The complainant alleged that the latter were an infringement of Brooks' patent. The defendant placed himself on two grounds of defense: (1) that Brooks' patents were void; and (2) that he did not infringe them. A contest had taken place between one Douglass and others, assignees of Brooks, and Reynolds and others, in New Orleans, with partial success on each side; the defendant claiming, however, that the decision was substantially in his favor, and pleading it as res judicata in this case. But as the record in that case. was not in a shape to render it conclusive on the question made in this case, it was not noticed in the opinion of the court. The Brooks patents sued on were two: first, a patent for alleged improvements in screw presses, dated July 23, 1872, being a reissue of a patent for an improvement in portable revolving screw presses, dated November 6, 1866; secondly, a patent for an improvement on the original invention, dated April 14, 1868. The claims in the reissued patent of 1872 were quite different from that in the original of 1866. and were apparently made in reference to all revolving presses; whereas, the original was confined to portable revolving presses, that could be carried from one place to another. The defendant insisted that the extension of the new patent to all kinds of revolving presses, stationary as well as portable, rendered the reissued patent void, inasmuch as the question of the applicability of the invention to presses other than portable ones had been raised in the original application, and abandoned; and therefore had not been accidentally or inadvertently overlooked. But if the reissued patent was still to be confined to portable presses, then, that he did not infringe, for his presses were not portable ones; but were fixed in the gin house. The defendant contended, further, that if the reissued patent was to be extended to all revolving presses, then it was void, because all the pretended improvements contained in it were known and used in stationary presses long before the date of Brooks' patent. It was not seriously contended that the patent of 1868 was infringed by the defendant; the whole controversy rested upon the construction and validity of the reissued patent of 1872.

Ballinger & Rhodes, for complainant, cited Blake v. Stafford [Case No. 1.504]; Conover v. Dohrman [Id. 3,120]: Hailes v. Van Wormer [Id. 5.904]; Wing v. Richardson [Id. 17,869]; Tompkins v. Gage [Id. 14,083]; Roberts v. Harnden [Id. 11,903]; Whipple v. Middlesex Co. [Id. 17.520].

Mr. Mason, for defendant, cited Curt. Pat. pp. 251, 256, 269, 289, 345 (note 2), 329; Gould v. Rees, 15 Wall. [82 U. S.] 187; Prouty v. Ruggles, 16 Pet. [41 U. S.] 341; Silsby v. Foot, 14 How. [55 U. S.] 219; Burr v. Duryee, 1 Wall. [68 U. S.] 531.

BRADLEY, Circuit Justice. Construing the reissued patent of 1872 to apply to stationary as well as revolving presses, the question of infringement is not hard to determine. It had three claims: First, the combination of a revolving press-box, with follower and screwrod and a stationary nut (or their mechanical equivalent), substantially as set forth. An inspection of the defendant's machine shows at once that it has this combination. The second claim is for a press box confined within a revolving frame composed of metallic bars and cross-ties, and a bed or bottom (or their mechanical equivalent), substantially as set forth. The defendant also uses this combination; the wooden bars, bolts and rods being mechanical equivalents of the metallic bars and cross-ties of Brooks' patent. The third claim is for the collar surrounding the stationary nut and placed between the metallic cross-ties, or their mechanical equivalents, substantially as and for the purposes set forth. The apparent object of this collar is to steady the frame containing the press box, and to keep it plumb and perpendicular whilst revolving. The defendant, instead of a collar having the specific form of Brooks', accomplishes the same object by an eye or hole in what he calls the metallic arch. This metallic arch with its eye is in fact a collar surrounding the stationary nut, substantially as and for the purposes subserved by the collar in Brooks' press. It is not placed between the metallic cross-ties described by Brooks, it is true, for the defendant does not use them; but the metallic arch is equivalent to the metallic cross-ties taken in connection with the cross-beam to which they are attached, so far as it affects the use of a collar. I consider the defendant's apparatus to be substantially the same thing as that claimed by the plaintiff. In my opinion, therefore, the defendant infringes all the claims of the reissued patent of 1872.

(The circuit justice having then examined the patent of 1868, and decided that the de-

fendant did not infringe it at all, proceeded as follows:)

It appearing that the defendant infringes the patent of 1872, the next question to be solved is, whether that patent is valid.

1. Was it a legal reissue of the patent of 1866? The patent of 1866 was confined to portable revolving cotton presses. I assume that the reissued patent extends to all cotton presses, stationary as well as portable, for, if confined to the latter, the defendant does not infringe it. Had this extension to stationary presses been omitted in the original patent by accident or mistake, it might be corrected in the reissued patent. But its application to revolving presses generally was first claimed and then abandoned in the application for the original patent of 1866, and the claim as finally made by the patentee, and to secure which alone his patent issued, was for a combination applicable to portable presses only. It cannot be said, therefore, that a neglect to claim the combination as applicable to revolving presses generally was an inadvertence, accident or mistake. It was an exclusion, designed and understood at the time. Attempts to grasp claims by means of reissued patents, which, whilst the evidence is fresh at the time of the original application, the patentee would not have the hardihood to make, are getting too frequent, and are too often acquiesced in by the patent office. Perhaps this is not to be wondered at when we consider the persistency with which claims once abandoned are pressed upon the department after the evidence of their futility has been forgotten.

2. But aside from this objection to the patent, there is abundant evidence to show that the alleged invention was known and used by others long before Brooks applied for a patent. Under this head the following evidence has been adduced by the defendant: First, he introduces the patent of one Elliott, granted in 1850, for an improved cotton press. This press had a revolving frame containing a press box, and a screw rod attached to the follower which pressed the cotton, and was operated in the same general way as Brooks'; but the nut was not stationary as specified in his first claim, being fixed in the cross beam of the revolving frame; nor was the press box confined within a revolving frame composed of bars and ties like those described in the second claim of Brooks, and it had no collar surrounding a stationary nut. Therefore, if these peculiarities of Brooks' press are material, he was not anticipated in the use of them by Elliott. In Elliott's press, the nut revolves with the press box and frame, and the screw rod does not revolve, being fixed in a cross beam, the ends of which slide up and down in grooves of the side frame. In Brooks' press, the nut is stationary, being fixed in the cross beam above, whilst the screw revolves with the press box and frame, being fixed to the follower. In the one, the rod is fixed and the nut revolves; in the other, the nut is fixed and the rod revolves. The result is the same in both cases, namely, the pushing of the follower and the pressure of the cotton. The change is one of mere form, and is hardly the subject of invention. But there is other and abundant proof that both forms were in use long before the date of Brooks' patent.

(The circuit justice then examined the evidence of the witnesses in detail, on the subject of prior knowledge and use of the combinations claimed in Brooks' patent, and came to the conclusion that he was not entitled to be called the first and original inventor. He continued:) His press may be more neat and compact in its construction than other presses, and it may be a better press in every way; but if it is, he must rely on its comparative excellence and the consequent demand for it in the market, and not on a monopoly of the whole market for his compensation.

I find nothing elicited by the evidence of the plaintiff to refute the conclusions deduced from that of the defendant. Much of it is occupied with characteristics of the Brooks' press, which it possesses in common with other and older presses, or which have not been claimed in Brooks' patent as his invention. It must be remembered that revolving presses and portable presses, and presses with iron straps, etc., were known before Brooks applied for a patent, or he would have inserted a claim for them. Therefore, all the commendations bestowed on Brooks press (so called) for any of these matters. by witnesses whose observation had not extended beyond this press, go for nothing in the case. In my judgment, the complainant's title to the combinations of parts which the defendant infringes has been successfully impeached; and on either of the grounds taken by the defendant, the bill must be dismissed. Bill dismissed.